IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | ) | Criminal No. 5:18-CR-425 (GTS) |
|---|---|---|
| v. | ) | **Indictment** |
| **JONDELL MIDDLEBROOKS,** | ) | Violation: 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) [Distribution and Possession with the Intent to Distribute a Controlled Substance] |
| **Defendant.** | ) | 7 Counts & Forfeiture Allegation |
| | ) | County of Offense: Onondaga |

**THE GRAND JURY CHARGES:**

**COUNTS 1 through 7**
**[Distribution and Possession with the Intent to Distribute a Controlled Substance]**

On or about each of the dates listed below, in Onondaga County in the Northern District of New York, the defendant, **JONDELL MIDDLEBROOKS**, knowingly and intentionally distributed and possessed with intent to distribute one or more controlled substances.

| Count | Date | Controlled Substance(s) Involved in Offense |
|---|---|---|
| One | February 27, 2018 | Heroin |
| Two | March 6, 2018 | Heroin, Fentanyl, Acetyl Fentanyl |
| Three | March 16, 2018 | Heroin, Fentanyl, Acetyl Fentanyl |
| Four | April 19, 2018 | Fentanyl |
| Five | October 30, 2018 | Heroin |
| Six | December 10, 2018 | Heroin |
| Seven | December 13, 2018 | Heroin |

Heroin and acetyl fentanyl are schedule I controlled substances; fentanyl is a schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## **FORFEITURE ALLEGATION**

1. The allegations contained in Counts One through Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant, **JONDELL MIDDLEBROOKS**, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

   a. A money judgment in the amount of $130.00 (Count One);

   b. A money judgment in the amount of $130.00 (Count Two);

   c. A money judgment in the amount of $320.00 (Count Three);

   d. A money judgment in the amount of $650.00 (Count Four);

   e. A money judgment in the amount of $455.00 (Count Five);

   f. A money judgment in the amount of $910.00 (Count Six); and

   g. A money judgment in the amount of $600.00 (Count Seven).

3.    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Dated:   December 19, 2018

A TRUE BILL,   *Name Redacted

_____
Grand Jury Foreperson

GRANT C. JAQUITH
United States Attorney

By: _____
Nicolas Commandeur
Assistant United States Attorney
Bar Roll No. 518984